**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:04CV171**

| | |
|---|---|
| **DONNA C. (STEFANIE) KIRK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **Vs.** ) | **O R D E R** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on motion of Plaintiff's attorney for an award of

counsel fees pursuant to the Equal Access to Justice Act.  The motion is partially opposed by the

Defendant.


**I.  STANDARD OF REVIEW**

Title 28 U.S.C. § 2412(d)(1)(A) provides in pertinent part that a "court shall award to a

prevailing party other than the United States fees and other expenses . . . incurred by that party in

any civil action . . . brought . . . against the United States . . .  unless the court finds that the

position of the United States was substantially justified or that special circumstances make an

award unjust."  The United States does not contest that the Plaintiff was the prevailing party who

is entitled to an award.  Rather, it contests the reasonableness of the fee sought.  Section

2412(d)(2)(A) requires that any such fees be reasonable.

> Under § 2412(d)(2)(A)(ii), an award of attorneys' fees may not exceed the *lower* of the prevailing market rate or the statutory cap [of $125 per hour], except in very limited circumstances. Specifically, the district court may only exceed the threshold hourly rate if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." . . . "[T]he 'special factor' formulation suggests Congress thought that [$125] an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be."

**Hyatt v. Barnhart, 315 F.3d 239, 249 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii) and *Pierce v. Underwood*, 487 U.S. 552, 571-72 (1988)) (other internal citations omitted).** In addition, the burden is on the attorney to show why such an increase is warranted. **_Id._, at 249, 253.**

## II. DISCUSSION

Plaintiff's attorney makes no mention of the statutory cap and does not explain in any manner why he should be paid in excess of $125 per hour. He merely states that his hourly rate in 2004 was $160 while in 2005 it has increased to $165 per hour. This is insufficient to warrant a rate greater than the statutory cap of $125 per hour and his fee will be so limited. **_Id._, at 251 ("And, we note, the weight of authority suggests that most courts consider special expertise in social security law as insufficient to warrant an enhancement, at least in the routine social security benefits case.").**

The United States also disagrees with the hours spent by Plaintiff's counsel as well as the services for which charges were assessed.

> "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Counsel "should submit evidence supporting the hours worked," and exercise "'billing judgment'" with respect to

hours worked. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

***Id.*, at 253 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 437 (1983)).** Counsel has provided an affidavit showing the services performed and the time spent on such services. However, it is impossible to ascertain as to some entries which services were performed by the attorney and which were performed by secretarial staff and a simple part of office overhead and thus non-recoverable. For example, on August 18, 2004, the attorney noted as services "[w]ork on complaint; file complaint; preparation three summons, coversheet[,]" all of which, with the exception of drafting the complaint, are services normally done by support staff. Yet, the time was billed at the attorney's hourly rate. This request is reduced by one hour. Likewise, on January 12, 2005, it is noted that the attorney made a round trip to Statesville, North Carolina, in order to file the motion for fees. No explanation is provided as to why an attorney needed to drive this distance personally to file the motion in lieu of mailing the pleadings. As a result, the Court will allow only two hours of the time requested in connection with these services.

The Court will reduce the total time of 10.45 hours by 2.80 hours, leaving the hours for which the attorney may be compensated at 7.65 hours. The hourly rate approved by the Court is $125 resulting is a total fee of $956.25. The expenses will be approved in the amount of $47.04. The total fee approved is $1,003.29.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for attorney's fees under the Equal Access to Justice Act is hereby **GRANTED IN PART AND DENIED IN PART** and

total fees and costs in the amount of **ONE THOUSAND THREE DOLLARS AND TWENTY-NINE CENTS ($1,003.29)** are hereby awarded.

**Signed: June 23, 2005**

Lacy H. Thornburg
United States District Judge